**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

NATHANIEL SVOBODA,

Plaintiff,

vs. 1:26-cv-14031

BATH CONCEPTS INDUSTRIES, LLC,

Defendant.

# COMPLAINT

1. Plaintiff Nathaniel Svoboda seeks damages for violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"), and implementing FCC regulations, and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA").

2. Plaintiff complains that Defendant placed numerous unwanted calls to Plaintiff's cell phone using a pre-recorded or computer-generated voice, invading his privacy and causing the loss of time and effort.

3. In the early 1990s, Congress enacted the TCPA to protect consumers' privacy rights, namely, the right to be left alone from unwanted telemarketing calls. A leading sponsor of the TCPA described unwanted telemarketing calls as "the scourge of modern civilization." 137 Cong. Rec. 30821 (1991).

4. From January 2021 until June 2021 alone, approximately 26.4 billion robocalls were placed in the United States. Robocallindex.com, YouMail Robocall Index, https://robocallindex.com/history /time last visited July 13, 2021). The private right of enforcement of the TCPA is critical to stopping the proliferation of these unwanted telemarketing calls.

## JURISDICTION AND VENUE

5. This Court has jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

6. Venue in this District is proper because Plaintiff was impacted by Defendant's calls here.

7. Article III is satisfied by multiple unwanted cell phone calls. *Gadelbak v. AT&T Servs., Inc.*, 950 F.3d 458 (7th Cir. 2020).

**PARTIES**

8. Plaintiff Nathaniel Svoboda is a resident of Chicago, Illinois.

9. Defendant Bath Concepts Industries, LLC, formerly known as BCI Acrylic, LLC, and doing business as Bath Concepts and Bath Planet, is a Delaware limited liability company with a principal address of 1800 Industrial Drive, Libertyville, IL 60048. Its registered agent is Dan Joyce at that address.

10. Defendant is in the business of selling bathroom remodeling goods and services.

**FACTS**

11. Plaintiff is the customary user of a cell phone with the number 312-xxx-6807.

12. The cell phone is used primarily for personal, family or household purposes.

13. The cell phone is registered on the National Do Not Call Registry. It has been on the registry since 2018.

14. Plaintiff has received at least 32 calls on his cell phone from Defendant, on at least the following occasions:

a. From (708) 630-1488 on 2/18/26 at 8:00 p.m. (voicemail);

b. From (708) 630-1934 — 2/20/26 12:31 p.m.;

c. From (708) 630-1488 — 2/20/26 2:10 p.m. (voicemail);

d. From (708) 630-1488 — 2/23/26 9:29 a.m. (voicemail);

e. From (708) 630-1488 — 2/23/26 4:26 p.m.;

f. From (708) 630-1934 — 2/24/26 8:35 a.m.;

g. From (708) 630-1934 — 2/25/26 8:50 a.m.;

h. From (708) 630-1934 — 2/25/26 2:51 p.m. (voicemail — mentions Bath

Concepts);

i. From (708) 630-1429 — 3/10/26 7:20 p.m.;

j. From (708) 630-1429 — 3/17/26 1:20 p.m.;

k. From (708) 630-1429 — 3/17/26 3:21 p.m. (voicemail);

l. From (708) 630-1429 — 3/19/26 1:28 p.m. (voicemail — mentions Bath Planet);

m. From (708) 630-1429 — 3/20/26 4:38 p.m.;

n. From (708) 630-8019 — 4/1/26 8:48 a.m. (voicemail);

o. From (708) 630-8019 — 4/2/26 11:40 a.m. (voicemail);

p. From (708) 630-8019 — 4/3/26 3:33 p.m. (voicemail);

q. From (708) 630-1429 — 4/6/26 2:58 p.m. (voicemail);

r. From (708) 630-1429 — 4/7/26 2:52 p.m.;

s. From (708) 630-8019 — 4/8/26 8:42 a.m.;

t. From (708) 630-8019 — 4/9/26 11:46 a.m. (voicemail);

u. From (708) 630-8019 — 4/10/26 8:59 a.m.;

v. From (708) 630-1429 — 4/13/26 11:52 a.m.;

w. From (708) 630-1429 — 4/15/26 11:35 a.m. (voicemail — mentions Bath Concepts);

x. From (708) 630-8019 — 4/15/26 2:36 p.m.;

y. From (708) 630-8019 — 4/16/26 5:38 p.m.;

z. From (708) 630-8019 — 4/21/26 11:36 a.m.;

aa. From (708) 630-8019 — 4/23/26 8:42 a.m.;

bb. From (708) 630-8019 — 4/23/26 2:52 p.m. ;

cc. 4/24/26 (three times);

dd. 4/30/26 (two times);

ee. 5/1/26 (two times);

ff. 5/3/26 (two times).

15. Calls made to the phone numbers (708) 630-8019, (708) 630-1934, (708) 630-1429, and (708) 630-1488 are answered by a recording saying, "Thank you for calling BCI Acrylic," the old corporate name of Defendant.

16. The calls were made for the purpose of selling Defendant's goods and services.

17. Each call began with a computer-generated or recorded message stating "Press 1 to accept; Press 2 to leave a message."

18. On two or more occasions Plaintiff attempted to answer the calls and pressed a number. This resulted in the call being disconnected.

19. The unwanted calls:

a. Fill up Plaintiff's phone storage;

b. Consume time and energy;

c. Cost money to receive,

d. Caused reduction and loss of battery life,

e. Cost electricity required to recharge the cell phone, and

f. Are aggravating, annoying, emotionally distressing, and made Plaintiff feel powerless.

20. The FCC has also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* CG Docket No. 02-278, Report and Order, 18 FCC Red. 14014, 14115 (par. 165) (2003).

21. Plaintiff did not consent to such calls.

22. Defendant's conduct violated the privacy rights of Plaintiff, in that he was subjected to annoying and harassing calls. Defendant's calls intruded upon the right of Plaintiff to be free from invasion of his interest in seclusion.

23. Defendant's conduct harassed Plaintiff and wasted his time, in that he had to

devote energy to answering, addressing and/or otherwise responding to numerous unwanted calls.

24. Defendant has received complaints about telephone solicitation calls at least as early as 2025 through the Better Business Bureau (Exhibit A) and lawsuits.

**COUNT I – TCPA – PRERECORDED CALLS**

25. Plaintiff incorporates paragraphs 1-24.

26. 47 U.S.C. §227(b) provides:

(b) Restrictions on use of automated telephone equipment

(1) Prohibitions

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

(B) to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes . . . .

27. 47 U.S.C. §227(c)(3) provides:

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State—

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i. Statutory damages;

ii. An injunction against further calls to Plaintiff's cell phone number;

iii. Costs of suit;

iv. Such other and further relief as the Court deems proper

**COUNT II – TCPA – DO NOT CALL REQUIREMENTS**

28. Plaintiff incorporates paragraphs 1-24.

29. The FCC regulations implementing the TCPA provide:

(c) No person or entity shall initiate any telephone solicitation to: . . .

(2) A residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. Such do-not-call registrations must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator. Any person or entity making telephone solicitations (or on whose behalf telephone solicitations are made) will not be liable for violating this requirement if:

(i) It can demonstrate that the violation is the result of error and that as part of its routine business practice, it meets the following standards:

(A) Written procedures. It has established and implemented written procedures to comply with the national do-not-call rules;

(B) Training of personnel. It has trained its personnel, and any entity assisting in its compliance, in procedures established pursuant to the national do-not-call rules;

(C) Recording. It has maintained and recorded a list of telephone numbers that the seller may not contact;

(D) Accessing the national do-not-call database. It uses a process to prevent telephone solicitations to any telephone number on any list established pursuant to the do-not-call rules, employing a version of the national do-not-call registry obtained from the administrator of the registry no more than 31 days prior to the date any call is made, and maintains records documenting this process.

(E) Purchasing the national do-not-call database. It uses a process to ensure that it does not sell, rent, lease, purchase or use the national do-not-call database, or any part thereof, for any purpose except compliance with this section and any such state or federal law to prevent telephone solicitations to telephone numbers registered on the national database. It purchases access to the relevant do-not-call data from the administrator of the national database and does not participate in any arrangement to share the cost of accessing the national database, including any arrangement with telemarketers who may not divide the costs to access the national database among various client sellers; or

(ii) It has obtained the subscriber's prior express invitation or permission. Such permission must be evidenced by a signed, written agreement between the consumer and seller which states that the consumer agrees to be contacted by this seller and includes the telephone number to which the calls may be placed; or

(iii) The telemarketer making the call has a personal relationship with the recipient of the call. maintain internal "do not call" lists and honor requests of individuals such as Plaintiff to stop telemarketing calls.

30. Defendant violated these requirements by calling Plaintiff, when his number was on the National Do Not Call registry.

31. 47 U.S.C. §227(c)(5) provides:

(5) Private right of action

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State-

(A) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

It shall be an affirmative defense in any action brought under this paragraph that the defendant has established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection. If the court finds that the defendant willfully or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion,

increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i. Statutory damages;

ii. An injunction against further calls to Plaintiff's cell phone number;

iii. Costs of suit;

iv. Such other and further relief as the Court deems proper.

**COUNT III – ILLINOIS CONSUMER FRAUD ACT**

32. Plaintiff incorporates paragraphs 1-24.

33. Defendant engaged in unfair practices, in violation of 815 ILCS 505/2, by placing calls deploying a prerecorded or computer-generated voice to Plaintiff, when Plaintiff's cell phone number was listed on the National Do Not Call list.

35. Defendant's conduct is contrary to public policy as expressed in the TCPA and regulations.

36. Defendant's conduct occurred in the course of trade and commerce.

37. Defendant's conduct caused monetary and other loss to Plaintiff. Plaintiff's cell phone was unusable for the duration of the calls. Plaintiff's statutory right of privacy was invaded.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and against Defendant for:

i. Actual damages;

ii. Punitive damages;

iii. An injunction against further illegal calls;

iv. Attorney's fees, litigation expenses and costs of suit;

v. Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman
Dulijaza (Julie) Clark
Caileen M. Crecco
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1800
Chicago, IL 60603-1841
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
dedelman@edcombs.com
jclark@edcombs.com
ccrecco@edcombs.com

**JURY DEMAND**

Plaintiff demands trial by jury.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiffs, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

C:\Users\ccrecco\AppData\Roaming\mycase-desktop\MyCase_Downloaded_Documents\524313032\Complaint_11.9.26.wpd